
RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/10/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OTIS R. MCKINLEY (#94760) | DOCKET NO. 11-CV-297; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN LYNN COOPER | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Otis R. McKinley, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He seeks an immediate release from custody because he is incarcerated pursuant to a "false sentencing procedure." [Doc. #1, p.3]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner alleges that on March 21, 2006, the 24th Judicial District Court in Jefferson Parish issued a "false sentencing procedure" to the Department of Corrections and to AVC.

### *Law and Analysis*

1. *Challenge to Sentencing Procedure*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A state prisoner may seek habeas relief under §2241 for pre-trial

issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions. See Stringer v. Williams, 161 F.3d 259 (5th Cir. 1998); Dickerson v. Louisiana, 816 F.2d 220 (5th Cir.), cert. denied, 484 U.S. 956 (1987). On the other hand, Section 2254 applies to post-trial situations in which a judgment has already been entered against the petitioner. See id.

In this case, Petitioner claims that his sentence under the multiple bill statute was "false." Thus, he challenges something that occurred post-trial (his multiple bill sentencing) rather that the manner in which the DOC is carrying out his sentence. This claim should be raised by way of a 2254 petition.

2. Venue

Under §2241(d), and the Fifth Circuit's interpretation of that statute, the proper forum for a §2254 application is the district wherein a petitioner is in custody or the district court for the district of the State court that convicted and sentenced him. Each of these district courts has concurrent jurisdiction to entertain the application. See 28 U.S.C. §2241(d). However, where the evidence and any witnesses concerning the criminal proceeding are pertinent to the prisoner's claims and are likely to be found in the parish where the trial was held, venue is more appropriate in the district where the state court that convicted and sentenced the petitioner is located. See Story v. Collins, 920 F.2d 1247, 1250 (5th Cir. 1991) (noting that accessibility of evidence and witnesses

2

are grounds for changing venue to a more convenient forum); Bell v. Watkins, 692 F.2d 999, 1013 (5th Cir. 1983) (same), *cert. denied sub nom.* Bell v. Thigpen, 464 U.S. 843 (1983). Because Petitioner challenges the constitutionality of the multiple bill sentence, which purportedly occurred in the 24th Judicial District Court, the more appropriate forum for Petitioner's case is the Eastern District of Louisiana.

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under Section 2241 be **DENIED AND DISMISSED** for failing to state a claim for which relief can be granted. Should Petitioner wish to pursue his claim under §2254, he should file such application in the United States District Court for the Eastern District of Louisiana.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE